```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND


RONALD CARNEY                  *
                               *
v.                             *   Civil Action No. WMN-12-631
                               *
DEPT. OF VETERANS AFFAIRS      *
                               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM**

Plaintiff filed this action against the Department of Veterans Affairs on or about February 27, 2012.  Asserting that he was bringing this case pursuant to the Fourteenth Amendment and the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. § 1961 et seq., Plaintiff set out the factual basis for his claim which the Court repeats here verbatim and in toto:

> On or about Jan. 30 to present time, the above Defendants interferences with privileges, direct payments, unrestricted uses of the right of every citizen to possess & control his or her own property free from restraints of federal officials, infringing on rights, restricting activities & inherent rights to life, liberty, and property.  Continuously systematically practices rico acts, absent sustained management, breach of fiduciary duties, inconsistent staff compliances, using one's official position or power to obtain property, or patronage to which one in not entitled to.  Federal officials interferences of one's civil liberties, individual rights, human rights, fundamental rights, assult my intelligences, character assassination my person, attributes of slavery, intentional malicious, maiming causing mental anguish, aggravating crisis, institutional trauma, purposely gravely disabling & inflicting chronic diseases of the mind using range of tactical unconventional warfare practices.  Failure to comply with VA advance directive durable power of attorney

> for health care & living will.  Failure of
> constitutional responsibilities & accountability.

Compl. ¶ 2.

On May 22, 2012, Defendant responded with a motion to dismiss or in the alternative for summary judgment, ECF No. 9, which provides some insight into the nature of Plaintiff's dispute with that agency.  Defendant explains that Plaintiff is an honorably discharged veteran who has received benefits for a permanent and total service-related disability of paranoid schizophrenia.  In June of 2011, Defendant informed Plaintiff through his custodian that his benefits would be terminated because there was an active felony arrest warrant issued for him by a court in Long Beach, California.  <u>See</u> 38 U.S.C. § 5313B (providing that a veteran otherwise eligible for benefits may not be provided with such a benefit for any period during which such veteran is a "fugitive felon").  He was also told that his benefits could be resumed if the warrant was cleared and he notified Defendant.

Defendant moved to dismiss the Complaint on the following grounds: (1) the suit is barred by sovereign immunity which the government has not waived; (2) as a suit seeking review of a determination of benefits, it is barred by 38 U.S.C. § 511; (3) as a suit for a pension, it is also barred by the Tucker Act, 28 U.S.C. § 1346(d); (4) to the extent the suit asserts a tort

claim, Plaintiff's claim is not ripe for judicial review because he has yet to exhaust his remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.  On the same date that Defendant filed its motion, the Court sent Plaintiff a letter informing him that a motion had been filed that, if granted, could result in the dismissal of his action.  ECF No. 10.  The Plaintiff was further informed that he had 17 days in which to respond to the motion and that his response should "respond to and explain the facts or matters stated in the motion."  Id.

Instead of opposing Defendant's motion, Plaintiff filed his own "Motion for Trial."  ECF No. 11.  The only additional factual bases for his claims included in that motion are the following, which again are quoted here verbatim:  that "on or about April 04, 2012 rated of competency an result of extreme illegal nature inflicted upon constitutional suffered from developmental disabilities;" "on or about 19th day of December 2011, defendants conspired with other to abuse authority create particular policy or customs using one's official position or power to fraudulently obtain . . . payments;" and "on or about January 30, 2012 Defendants restraint & restricted uses of plaintiff to posses control his own property."  Id. at 1-2.  Plaintiff attaches several documents to his motion, several of which are simply blank forms from the Department of Veterans Affairs.  He does include a letter from Defendant indicating

3

that Plaintiff's entitlement to benefits had changed and that he had received an overpayment of $93,056.80. Perhaps because that letter indicated the Plaintiff was to pay that debt back to Defendant, Plaintiff referenced a Debt Collection Act in his motion. Id. at 2. Plaintiff did not directly respond to any of the arguments made in Defendant's motion but did include an "affidavit" in which he stated that he had "exhausted all grievance procedures regarding this civil litigation." ECF No. 4.

The Court must dismiss the Complaint. To the extent that the Court is able to make out the nature of Plaintiff's claim, it would appear that he is challenging the determination of his disability benefits. Subject to exceptions not relevant here, determinations of veteran benefits are not reviewable by any court. 38 U.S.C. § 511; Johnson v. Robison, 415 U.S. 361, 369-73 (1974). To the extent Plaintiff is asserting some tort claim against Defendant, he has not demonstrated that he has exhausted his administrative remedies. His bald statement that he has, without any supporting documentation whatsoever, does not rebut the Declaration of Defendant's Regional Counsel that he had reviewed Defendant's files and found that Plaintiff has not filed an administrative tort claim against the United States concerning any of the matters stated in this suit.

A separate order will issue.

4

                       _____/s/_____
                       William M. Nickerson
                       Senior United States District Judge

DATED: July 5, 2012